UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYLER SMITHSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:16-CV-928 |
| | ) |
| FRALEY TRUCK & IMPLEMENT | ) |
| SALES, INC. and BART FRALEY, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tyler Smithson ("Smithson"), by counsel, brings this action against Defendants, Fraley Truck & Implement Sales, Inc ("FTIS") and Bart Fraley ("Fraley")(collectively, "Defendants"), and shows as follows:

1. This is an employment discrimination action (disability) brought by Smithson against FTIS alleging that he was discriminated against because of his prior disability as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq. Moreover, Defendant failed to pay Smithson all wages he was owed under the Indiana Wage Claim Statute and unlawfully garnished his wages in violation of Indiana law. Finally, Fraley defamed Smithson by calling him a drug addict in front of third-parties in an effort to besmirch Smithson's reputation.

## PARTIES

2. Smithson was formerly employed by Defendant. At all times relevant, she lived in the Southern District of Indiana.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Smithson, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Smithson was disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A) and by Indiana law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a). The Court has jurisdiction over Smithson's state law claims as these claims are part and parcel of the same nucleus of common fact as his federal claims.

7 Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Smithson properly exhausted his administrative remedies when, on April 26, 2015, he timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability. A notice of suit rights was issued on January 27, 2016, and Smithson now brings this Complaint within ninety (90) days thereof.

## FACTS

9. FTIS hired Smithson on or about February 8, 2012.

10. Smithson was a Diesel Technician. He would work on repairing industrial and farming equipment.

11. Smithson is a rehabilitated addict.

12. Upon information and belief, FTIS and Fraley learned of Smithson's prior disability in March of 2015.  Thereafter, Defendants unilaterally changed the terms and conditions of Smithson's employment.

13. On or about August 4, 2015, Defendants fired Smithson.  Thereafter, Defendants have maintained and told others that Smithson resigned his employment.

14. Fraley has told third parties that Smithson was not fired because of his disability, but instead because of his performance problems.

15. Fraley told Smithson that he was being terminated because he was a drug user at the time Smithson was separated from FTIS.

16. Smithson went outside to pack his tools.  Fraley followed him outside and told several individuals helping Smithson that 'they must not know Tyler too well because he is a drug addict."

17. Thereafter, FTIS withheld wages from Smithson to which he was entitled.  It garnished his wages and accrued but unused vacation, an amount in excess of $1,000, to repay a company loan.

18. Smithson filed a wage claim with the State of Indiana, and the Indiana Attorney General's Office has granted undersigned counsel to represent Smithson in court to recover these unpaid wages.

## COUNT I:  VIOLATIONS OF THE ADA

19. Smithson incorporates by reference paragraphs one (1) through eighteen (18).

20. FTIS and Fraley regarded Smithson as disabled, Smithson is disabled, and/or Smithson has a history or record of being disabled.

21. FTIS discriminated against Smithson when it unilaterally changed the terms and conditions of his employment and later terminated him because he is disabled as defined by the ADA.

22. Smithson was harmed by FTIS' conduct.

## COUNT II:  VIOLATIONS OF INDIANA WAGE LAWS

23. Smithson incorporates by reference paragraphs one (1) through twenty-two (22).

24. At the time FTIS separated Smithson it owed him wages.

25. FTIS failed to pay Smithson all wages he is owed.

26. FTIS failed to follow all provisions set forth in Indiana law to permit it to garnish Smithson's wages.  Alternatively, if FTIS can otherwise demonstrate it substantially met its legal obligations the amount deducted exceeds the amount (percentage) permitted under Indiana law

27. As a result of these violations, Smithson is entitled to recovery of the unpaid wages and/or the amount of the unlawful, liquidated damages, and attorneys' fees.

## COUNT III:  DEFAMATION PER SE

28. Smithson incorporates by reference paragraphs one (1) through twenty-seven (27).

29. Smithson is a rehabilitated addict.

30. Despite having no reasonable basis to conclude that Smithson was an addict during the course of his employment, Fraley told Smithson that he was using drugs.  Moreover, Fraley repeated this unfounded belief to third-parties on various, different occasions.

31. Fraley published baseless statements about Smithson that cast him in an unfavorable light to third parties.

32. Smithson suffered damages as a result of Fraley's misconduct.

**PRAYER FOR RELIEF**

WHEREFORE, Smithson respectfully requests that the Court grant him the following relief:

a. Issue an Order awarding Smithson the wages he lost and the value of the benefits he lost as a result of Defendant's unlawful misconduct.

b. Issue an Order awarding Smithson compensatory and punitive damages For FTIS' intentional violation of his rights as provided for by the ADA;

c. Issue an Order awarding Smithson the wages he was not paid and/or that were garnished by FTIS, treble damages, and attorneys' fees and costs;

d. Issue an Order that Fraley pay Smithson damages for publishing defamatory and untrue remarks about Smithson;

e. Issue an Order that FTIS pay Smithson's fees incurred as a result of bringing this action;

f. Issue an Order that FTIS pay Smithson's costs incurred as a result of bringing this action;

g. An Order awarding Smithson pre-judgment and post-judgment interest at the highest rates provided for by law; and

h. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)
GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:    (317) 706-1100

  Facsimile: (317) 623-8503
  E-Mail: phil@gibbonslegalgroup.com


s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

Of Counsel to,
GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone: (317) 706-1100
Facsimile: (317) 623-8503
E-Mail: chris@gibbongslegalgroup.com

Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

  Respectfully submitted,

  s/ Philip J. Gibbons, Jr.
  Philip J. Gibbons, Jr. (#19353-49)

  GIBBONS LEGAL GROUP, P.C.
  3091 East 98th Street, Suite 280
  Indianapolis, Indiana 46280
  Telephone: (317) 706-1100
  Facsimile: (317) 623-8503
  E-Mail: phil@gibbonslegalgroup.com

  s/ Christopher S. Wolcott
  Christopher S. Wolcott (#23259-32)

  Of Counsel to,
  GIBBONS LEGAL GROUP, P.C.
  3091 East 98th Street, Suite 280
  Indianapolis, Indiana 46280
  Telephone: (317) 706-1100
  Facsimile: (317) 623-8503
  E-Mail: chris@gibbongslegalgroup.com

  Attorneys for Plaintiff